HAWKINS, Circuit Judge,
concurring:
While I agree it is appropriate to refuse mandamus relief on prematurity grounds, I would go further and deny the petition on the merits. Regardless of whether Petitioner is entitled to restitution from the defendant in this case, the relief it seeks here—an order directing the U.S. Attorney to seize assets and a criminal forfeiture against the I.R.S.—pertains only to third parties. Among a number of flaws in the petition, the authorities Petitioner relies upon, quite logically, apply only to restitution or forfeiture from criminal defendants. See 18 U.S.C. § 3663A(b) (“[t]he court shall order ... that the defendant make restitution to the victim of the offense”) (emphasis added); Fed. R.Crim.P. 32.2(a) (requiring that the government provide “notice to the defendant ” in the indictment or information that it will seek the forfeiture of property) (emphasis added). Absent authority to order the seizure of assets from, or criminal forfeiture against, third parties, this court simply cannot grant the relief Petitioner seeks.